HOUSTON, Justice
(concurring specially).
I concur. Contributory negligence in this case is a question of fact to be decided by the trier of fact. Central Alabama Elec. Co-op v. Tapley, 546 So.2d 371 (Ala. 1989); Johnson v. Niagara Machine & Tool Works, 555 So.2d 88 (Ala.1989). I dissented in both of those cases; however, they are the law. Applying that law to the facts of this case as determined by our standard of review (viewing the evidence in the light most favorable to the party who did not move for summary judgment), I am persuaded that the issue of contributory negligence is for the jury.
Evidently, the plaintiff, who was the foreman of the planer mill and who as such was in charge of the project of unclogging the pipe, selected the method used to unclog the pipe. The evidence indicates that the maintenance department of T.R. Miller Mill Company had constructed a “cage” to be used when someone was working at heights on the forklift. This cage was an open box with rails around it, and, apparently, if the plaintiff had been using it, he would not have fallen.
Whether defendants John S. Neal, Mike Thompson, and Blaine Salter breached the duty that this Court has found the evidence to indicate that they owed to the plaintiff, may be a question of law for the trial court; however, I do not have enough evidence before me to make that determination at this time. Therefore, I concur specially.